UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

FILED

JAN 15 2020

CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, ILLINOIS

IN RE:                                          )
                                                )
THE SEARCH OF CONTENT AND                       )
RECORDS RELATING TO INFORMATION                 )
ASSOCIATED WITH USERNAME                        )
kjfang3@gmail.com THAT IS STORED AT             )    Case No. 20-MJ-7004
PREMISES OWNED, MAINTAINED,                     )
CONTROLLED, OR OPERATED BY                      )
GOOGLE, INC.                                    )

**APPLICATION FOR ORDER COMMANDING GOOGLE, INC. NOT TO
NOTIFY ANY PERSON OF THE EXISTENCE OF COURT ORDER**

The United States requests that the Court order Google, Inc. not to notify any

person, including the subscribers and customers of the accounts listed in the court order

of the existence of the attached court order for a period of time not to exceed one year or

until further order of the Court.

Google, Inc. is a provider of an electronic communication service, as defined in

18 U.S.C. § 2510(15), and/or a remote computer service, as defined in 18 U.S.C. §

2711(2).  Pursuant to 18 U.S.C. § 2703, the United States obtained the attached court

order, which requires Google, Inc. to disclose certain records and information to the

United States.  This Court has authority under 18 U.S.C. § 2705(b) to issue "an order

commanding a provider of electronic communications service or remote computing

service to whom a warrant, subpoena, or court order is directed, for such period as the

court deems appropriate, not to notify any other person of the existence of the warrant,

subpoena, or court order." *Id.*

In this case, such an order would be appropriate because the attached court order relates to an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation, and its disclosure may alert the targets to the ongoing investigation. Accordingly, there is reason to believe that notification of the existence of the attached court order will seriously jeopardize the investigation or unduly delay a trial, including by giving targets an opportunity to flee or continue flight from prosecution and/or destroy or tamper with evidence. *See* 18 U.S.C. § 2705(b). Some of the evidence in this investigation is stored electronically. If alerted to the existence of the court order, the subjects under investigation could destroy that evidence, including information saved to their personal computers.

WHEREFORE, the United States respectfully requests that the Court grant the attached Order directing Google, Inc. not to disclose the existence or content of the attached court order, except that Google, Inc. may disclose the attached court order to an attorney for Google, Inc. for the purpose of receiving legal advice.

The United States further requests that the Court order that this application and any resulting order be sealed until further order of the Court. As explained above, these documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal

these documents because their premature disclosure may seriously jeopardize that investigation.

Executed on January 15, 2020.

Respectfully submitted,

JOHN C. MILHISER
United States Attorney

BY: Eugene L. Miller
Eugene L. Miller, Assistant U.S. Attorney
201 S. Vine Street, Suite 226
Urbana, Illinois 61802
217/373-5875
eugene.miller@usdoj.gov