UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| IN RE:<br><br>THE SEARCH OF CONTENT AND RECORDS RELATING TO INFORMATION ASSOCIATED WITH USERNAME kfang3@gmail.com THAT IS STORED AT PREMISES OWNED, MAINTAINED, CONTROLLED, OR OPERATED BY GOOGLE, INC., AT 1600 AMPHITHEATRE PARKWAY, MOUNTAIN VIEW, CALIFORNIA | Case No. 20-MJ-7004 |

**EX-PARTE MOTION OF THE UNITED STATES OF AMERICA
TO SEAL SEARCH WARRANT AND RELATED DOCUMENTS**

COMES NOW the United States of America, by John C. Milhiser, United States Attorney for the Central District of Illinois, and Assistant United States Attorney Eugene L. Miller, and hereby requests that this Court seal the application, affidavit, warrant, attachment and return in the above-captioned matter. In support of this motion, the United States avers the following:

1. The search warrant and related documents identified by the case number listed above was sought and obtained as part of an ongoing grand jury investigation.

2. "[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 597-98 (1978). The right, however, is not absolute. For example, courts routinely seal search warrant materials to protect an ongoing criminal matter. *See Times Mirror Co. v. United States,* 873 F.2d 1210, 1218-19 (9th Cir. 1989); *In re*

*Search Warrant*, 855 F.2d 569, 573, 575 (8th Cir. 1988); *Matter of Sealed Affidavit(s) to Search Warrants*, 600 F.2d 1256 (9th Cir. 1979). *See also Shea v. Gabriel*, 520 F.2d 879 (1st Cir. 1975); *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980); *In re Braughton*, 520 F.2d 765, 766 (9th Cir. 1975); *In re State (Bowman Search Warrants)*, 781 A.2d 988, 994 (N.H. 2001). This is not surprising since "the issuance of search warrants has traditionally been carried out in secret. Normally a search warrant is issued after an *ex parte* application by the government and an *in camera* consideration by a judge or magistrate." *Times Mirror*, 873 F.2d at 1214.

3. "[T]here is no qualified First Amendment right of access that attaches to . . . the search warrant affidavits" prior to hearings on any critical stage of the criminal proceedings, such as a suppression hearing or trial. *United States v. Inzunza*, 303 F. Supp. 2d 1041, 1049 (S.D. Cal. 2004). On the other hand, a prosecutor in a criminal case must exercise reasonable care to prevent extrajudicial statements that may have a substantial likelihood of heightening public condemnation of the accused. Model Rules of Prof'l Conduct R. 3.8(f).

4. Thus, the United States makes the request because premature extrajudicial disclosure of the warrant and related materials may adversely affect the ongoing investigation.

5. The United States further requests that this motion be sealed until further Order of the Court.

WHEREFORE, the United States of America respectfully requests that this Court grant its motion to seal search warrant and related documents and to seal this motion.

Respectfully submitted,

JOHN C. MILHISER
UNITED STATES ATTORNEY

s/ Eugene L. Miller
Eugene L. Miller, Bar No. IL 6209521
Assistant United States Attorney
201 S. Vine St., Suite 226
Urbana, IL 61802
Phone: 217/373-5875
Fax: 217-373-5891
eugene.miller@usdoj.gov